IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| DANIEL ROTH,<br><br>Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff DANIEL ROTH ("Plaintiff") brings this action on an individual basis, seeking statutory and other damages against Defendant LEXISNEXIS RISK SOLUTIONS, Inc. ("LexisNexis") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit

reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3. To that end, the FCRA imposes the following twin duty on consumer reporting agencies: (i) consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports; and (ii) consumer reporting agencies must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

4. The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

5. Defendant has produced and sold consumer reports concerning Plaintiff's background that wrongfully and/or misleadingly reported Plaintiff's information by including information associated with another consumer.

6. As a result of LexisNexis's wrongful reporting, Plaintiff was damaged by, without limitation, harm to his reputation, wasted time, and considerable distress and frustration.

7. Plaintiff seeks statutory, actual, and punitive damages, and attorneys' fees and costs.

**PARTIES**

8. Plaintiff is a natural person and resident of Fairfield County in the State of Connecticut and qualifies as a "consumer" as defined and protected by the FCRA.

9. Defendant LEXISNEXIS RISK SOLUTIONS, Inc. ("LexisNexis") is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. Defendant LexisNexis is a Delaware corporation that maintains its primary place of business at 1 Montgomery Street, San Francisco, California 94104.

## JURISDICTION AND VENUE

10. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(2).

## FACTUAL ALLEGATIONS

12. Sometime prior to October 2024, Plaintiff maintained insurance for his primary personal vehicle through USAA.

13. On or around October 22, 2024, Plaintiff received his automobile policy renewal from USAA indicating that his insurance premium was to be substantially increased as a result of criminal conviction(s) found in his consumer report provided by Defendant LexisNexis.

14. Plaintiff was understandably shocked and confused to see this because he has a clean driving record with no violations.

15. Plaintiff subsequently called USAA to report the inaccuracy and request guidance on how to resolve the issue.

16. As instructed by USAA, Plaintiff requested and uploaded the appropriate driving records, showing a clean driving history with no violations.

17. On or about October 23, 2024, Plaintiff requested his Consumer Disclosure Report provided by Defendant LexisNexis.

18. Upon reviewing the report, Plaintiff noticed that LexisNexis was reporting a whole host of records that did not belong to him.

19. Plaintiff also noticed that LexisNexis listed many items of personal information that did not belong to him, such as an incorrect Social Security Number, incorrect addresses, incorrect email addresses, and incorrect insurance policies.

20. Specifically, Defendant included Case Number 2024TRC00479RDUI, reporting that Plaintiff was convicted for a DUI in 2024. However, this conviction belongs to another individual person.

21. Plaintiff accordingly disputed this information with the USAA on multiple occasions.

22. On or about October 24, 2024, Plaintiff received an alert on his Experian monitoring account which made Plaintiff aware of an individual living in Ohio with his same name and same date of birth being mistakenly tied to his identity.

23. Plaintiff was understandably frustrated, as this is not the first instance in which such misreporting has occurred.

24. On or about October 24, 2024, Plaintiff called Defendant LexisNexis to dispute and investigate the records and conviction that are inaccurately being associated with him.

25. On this call, Defendant assigned Case No 0391693 to Plaintiff's dispute.

26. Following receipt of Plaintiff's dispute, LexisNexis refused to investigate, correct or remove these incorrect items from the Plaintiff's credit file.  Instead, that information is still being reported to this day.

27. Upon information and belief, LexisNexis had all the information it needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

28. At all times pertinent hereto, LexisNexis's conduct was willful and carried out in reckless disregard for a consumer's rights as set forth under section 1681e and 1681i of the FCRA.

29. On or about October 25, 2024, in a further attempt to remove the host of erroneous information being reported by LexisNexis, Plaintiff contacted the courthouse in Portage County, Ohio where the mistaken individual was convicted for Case Number 2024TRC00479RDUI.

30. During this phone call, the court clerk verified that despite the name and date of birth being the same, the driver's license information and social security number associated with the case did not match that of Plaintiff.

31. On or about October 28, 2024, Plaintiff called USAA with the new information provided by the court in Ohio, explaining the case of mistaken identity.

32. Accordingly, Plaintiff was required to spend hours communicating with USAA, explaining and providing proof that another individual's information was being reported as his, and that his premiums should not thereby be affected.

33. As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life. For example, Plaintiff's insurance premium was increased and he was forced to waste time taking remedial measures he would not have otherwise had to take if not for Defendant's conduct.

34. Furthermore, Plaintiff has suffered distress and frustration due to the damage to his reputation from having this inaccurate criminal history information distributed, as if he is unfit to be behind the wheel.

## CAUSES OF ACTION
### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i

35. All preceding paragraphs are realleged.

36. At all times pertinent hereto, LexisNexis was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. ¬ß 1681a(c).

37. The FCRA provides that "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller,

of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. ¬ß 1681i(a)(1)(a).

38. Defendant received the Plaintiff's dispute, as evidenced by its responses to Plaintiff's dispute.

39. However, Defendant has failed to conduct a reasonable investigation to determine whether the disputed information is accurately and correctly reported on Plaintiff's consumer report, despite the expiration of its time to do so.

40. Defendant's conduct was willful because LexisNexis clearly was able to determine that it was mixing up another individual's file with the Plaintiff's file with the inclusion of an incorrect Social Security and address, but it still nevertheless refused to remove this information and accounts that plainly did not belong to the Plaintiff.

41. As a direct and proximate result of Defendant's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**

42. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

43. The FCRA imposes a duty on consumer reporting agencies to devise and implement procedures to ensure the "maximum possible accuracy" of consumer reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates.

15 U.S.C. § 1581e(b) (emphasis added).

44. LexisNexis violated § 1681e(b) because it failed to follow reasonable procedures to ensure the maximum possible accuracy of the information it attributed to Plaintiff in its consumer reports.

45. Were Defendant to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate information being reported on the Plaintiff's consumer report.

46. Defendant's conduct was willful because LexisNexis clearly was able to determine that it was including another individual's information within the Plaintiff's consumer report, with the inclusion of an incorrect Social Security and address, but it still nevertheless refused to remove this information and accounts that plainly did not belong to the Plaintiff.

47. Moreover, Defendant has long been aware of widespread issues with its matching algorithms causing inaccurate information to appear in their consumer files due to merged files and has nevertheless continued to persist in its conduct and failing to prevent this situation from occurring.

48. As a direct and proximate result of LexisNexis's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

i. Awarding Plaintiff statutory money damages, actual damages and punitive damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

ii. Awarding attorneys' fees and costs as required by 15 U.S.C. §§ 1681n and/or 1681o, and other relief; and

iii. Awarding any other such relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: March 26, 2025                By: /s/ Yitzchak Zelman
                                     Yitzchak Zelman, Esq.
                                     Marcus & Zelman, LLC
                                     701 Cookman Avenue, Suite 300
                                     Asbury Park, NJ 07712

Tel: (732) 695-3282
Email: yzelman@marcuszelman.com
Attorney for Plaintiff